NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAY 23 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ROGELIO CUEVAS ESPINOZA,

Petitioner-Appellant,

v.

SHAWN HATTON, Warden,

Respondent-Appellee.

No. 20-56236

D.C. No.
3:10-cv-00397-WQH-BGS

MEMORANDUM[*]

Appeal from the United States District Court
for the Southern District of California
William Q. Hayes, District Judge, Presiding

Submitted April 12, 2022[**]
Pasadena, California

Before: CALLAHAN and VANDYKE, Circuit Judges, and EZRA,[***] District
Judge.

Rogelio Espinoza filed this habeas petition arguing that trial counsel on his

state conviction for assault and mayhem was ineffective. On remand from the

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

[***] The Honorable David A. Ezra, United States District Judge for the
District of Hawaii, sitting by designation.

Ninth Circuit, *Espinoza v. Spearman*, 661 F. App'x 910 (9th Cir. 2016), the district court held a four-day evidentiary hearing and determined that Espinoza's proffered witnesses were not credible, and that trial counsel's performance was not deficient. The district court denied Espinoza's habeas petition but granted a certificate of appealability, and Espinoza filed a timely notice of appeal. We have jurisdiction and affirm.

1. To the extent that the district court interpreted the Ninth Circuit's mandate as prohibiting consideration of evidence that was discovered post-remand regarding trial counsel's performance, Espinoza was not harmed. We remanded the case for an evidentiary hearing on Espinoza's ineffective assistance of counsel claim pursuant to *Strickland v. Washington*, 466 U.S. 668 (1984), including the credibility of witnesses Sylvia Escamilla, Espinoza's mother-in-law, and Miguel Rubio, Espinoza's wife's brother-in-law. *Espinoza*, 661 F. App'x at 915. Although the district court found that the mandate was limited to whether trial counsel was deficient and Escamilla's and Rubio's credibility, the court considered *all* the evidence proffered by Espinoza addressing trial counsel's performance. Thus, Espinoza has not shown that he was prejudiced by the district court's interpretation of the Ninth Circuit's remand.

2. Espinoza has not shown that he was denied effective assistance of counsel based on his trial counsel's alleged failure to investigate and call witnesses

2

who would have testified that someone other than Espinoza shot Arturo Rivera. Although the denial of a habeas petition is reviewed de novo, *Merolillo v. Yates*, 663 F.3d 444, 453 (9th Cir. 2011), the district court's factual findings and credibility determinations are reviewed for clear error. *Lambert v. Blodgett*, 393 F.3d 943, 946 (9th Cir. 2004).

On remand, the district court held a four-day evidentiary hearing and determined that Espinoza's witnesses were not credible, and that Espinoza had not shown that his trial counsel was ineffective. The district court noted that in her initial statements to the police in 2001, Escamilla identified Espinoza as the shooter and made no mention of another person, but at the hearing on remand she testified that another person "dressed in black, wearing a black cowboy hat with slanted eyes fired shots 'all over the place' after [Espinoza] left the scene."

The district court noted that in his initial statement to the police in 2001, Rubio had stated that he was inside the building and that when he went outside, he saw Arturo lying on the sidewalk. However, in his sworn declaration signed in March 2009, Rubio stated that he saw someone other than Espinoza shoot Arturo and that he told Espinoza's trial counsel there was a second shooter but that he was not asked to come to court. Rubio failed to appear at the evidentiary hearing. The district court noted that the declaration failed to address the stark discrepancy between his declaration and police interview and concluded that because Rubio

3

was not available to be cross-examined, his declaration was inadmissible hearsay.

Espinoza's third witness, Daniel Alatorre, was 12 years old at the time of the shooting in 2001 and was uncertain as to what he saw. He testified that he lived across the street from the hall and that when he heard shots he went outside and saw a man wearing a cowboy hat and a white shirt. On cross-examination, Alatorre was unsure whether he was inside or outside at the time of the shooting, whether there was one or two bursts of gunshots, and whether it was the man with the cowboy hat that ran away and then was taken into police custody. The district court did not find Alatorre credible.

The district court noted that around ninety potential witnesses were interviewed by the police about the shooting, eight witnesses stated that Espinoza was shooting the gun, and no witness described a second shooter or anyone else brandishing or using a gun. Espinoza's trial counsel testified that he reviewed and was familiar with all the police reports and that any important witness would have been interviewed. The district court concluded that "there is no evidence in the record that at the time [counsel] was preparing for trial there was any indication of a second shooter or that any witness would have testified to seeing a second shooter." The court further noted that "any witness testimony at trial would have conflicted with Petitioner's own testimony that 'there was only one gun,' that he 'never saw anybody else with a gun,' and that he was 'the only person with a

4

gun.'"

Espinoza has not shown that the district court's findings are illogical, implausible, or not supported by inferences drawn from the facts in the record. *United States v. Hinkson*, 585 F.3d 1247, 1267 (9th Cir. 2009) (en banc). The district court's denial of the habeas petition is **AFFIRMED**.